# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH C. JOHNSON, | Civil Action No. 25-10013 (SDW-MAH) |
| Plaintiff, | |
| v. | OPINION |
| EAST JERSEY STATE PRISON ADMINISTRATORS, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about June 5, 2025, *pro se* Plaintiff Keith C. Johnson, a convicted and sentenced state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). This Court granted Plaintiff's *in forma pauperis* application on July 18, 2025. (ECF No. 7).

2. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

3. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. Plaintiff names as Defendants the Administrators of East Jersey State Prison ("EJSP") and Northern State Prison ("NSP"). (ECF No. 1 at 5). According to the Complaint, a fire occurred on the roof of NSP unit F3E in February 2025. (*Id.* at 6). Plaintiff was transported to a hospital, where he was diagnosed with pneumonia, and was later returned to NSP and assigned again to unit F3E. (*Id.*) Plaintiff alleges that the unit lacked heat and hot water and that freezing conditions continued for approximately one month. (*Id.* at 6-7).

6. Plaintiff further states that he continued to experience breathing problems as a result of these conditions. (*Id.* at 7). On March 2, 2025, he was taken to the infirmary for what he describes as "critically low oxygen levels." (*Id.*) Plaintiff alleges that, rather than being transferred to a hospital, he was moved to EJSP. (*Id.*) He asserts that his oxygen levels were so low that he was unable to walk or rise to use the bathroom for a period of three days. (*Id.*)

7. When Plaintiff was eventually taken to the hospital, he learned that one of his lungs had collapsed "days ago." (*Id.*) He underwent emergency surgery and had a tube inserted into his lung. (*Id.*) Plaintiff alleges that he continues to require supplemental oxygen. (*Id.*)

8. To state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

9. Plaintiff seeks relief from the NSP and EJSP Administrators for pain and suffering, but "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

10. Here, Plaintiff does not identify any specific actions or omissions by the Administrators of NSP or EJSP that contributed to his alleged injuries. Without such allegations of personal involvement, Plaintiff fails to state a claim for relief against these Defendants. Therefore, the Complaint will be dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

11. This Court is mindful that it may not dismiss a complaint without providing leave to amend unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver,* 213 F.3d 113, 117 (3d Cir. 2000). In this case, Plaintiff may be able to cure the deficiencies noted by this Court by providing additional facts. Accordingly, this Court will grant Plaintiff leave to file a proposed amended complaint within 45 days.

12. The proposed amended complaint will be subject to this Court's § 1915 review prior to service.

13. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by this Court.

14. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: Septembr 3, 2025